## MISSOURI INSURANCE CO., OF ST. LOUIS, *vs.* GLASGOW, SHAW & LARKIN.

### APPEAL from St. Louis Circuit Court.

SPALDING *and* TIFFANY, *for Appellant.*

I. It is alleged in the 8th plea, and admitted by the demurrer, that, at the time of the loss, the boat was not provided with master, officers and crew, within the meaning of the warranty contained in the policy, and that the loss happened while such non-compliance with the warranty continued. This would have discharged the insurers, and the demurrer should have been overruled.— 3 Term Rep., 360;. 1 *Ibid.*, 343 ; 2 *Ibid.*, 186 ; Cowper's Rep., 785 ; 1 Philips on Insurance, 351, 352, (second edition.) Those references fully sustain the position that *express warranties must be strictly complied with.*

2. And a non-compliance with an express warranty discharges the underwriters.—7 Term Rep., 156 ; *Ibid.*, 705 ; 3 Burr. Rep., 141, 9 ; 1 Term Rep., 343 ; 7 Term Rep., 186 ; 1 Phil. Ins., 356.

II. As is alleged, in the 5th, 5th, 7th and 8th pleas, that the loss was *occasioned by the negligence and carelessness* of the assured and their agents, and therefore the underwriters were not liable.—1 Phil. on Ins., (1st edit.), 224 ; 6 Term. Rep., 656 ; 7 *Ibid.*, 160 ; *Ibid.*, 186 ; *Ibid.*, 501, 705 ; 8 *Ibid.*, 192 ; 5 Bos. & Pul., 336 ; 1 Campbell's Rep., 123, 421, 434 ; 3 *Ibid.*, 133, 142 ; 14 East's Rep., 374 ; 4 Campbell's Rep., 142 ; 1 Johns. Cases, 246 ; 2 *Ibid.*, 280 ; 5 Mass. Rep., 5 ; 8 *Ibid.*, 308 ; 9 Johns. Rep., 17 ; 5 Binney's Rep., 595 ; 13 Johns. Rep., 451 ; 21 Eng. Com. Law Rep., 411 ; 8 Pick. Rep., 14.

The above cases maintain or recognize the doctrine, that unskilfulness or negligence of the assured, or their agents, discharge the underwriters from losses occasioned thereby.

III. And the fact that this loss was by fire makes no difference, as it was under a marine policy, and the liability of the underwriters for loss, by fire, under such policies, is governed by the same rules as one applicable to losses by other perils insured against.—1 Phil. on Ins., 630 ; 13 Johns. Rep., 451 ; 2 Johnson's Cases, 180.

In ordinary fire policies on land, insurers are liable for losses arising from negligence of servants, &c., on the principle, that an exception from a general clause leaves all other cases within the scope of the close. These policies except sundry losses by fire.—10 Peters' Rep., 517.

IV. The recent decisions, in several cases in England and the United States, tending to overthrow the established doctrine, that the underwriters are discharged, by the negligence or unskilfulness of the assured or their agents, from losses arising thereby, are not supported by reason or analogy, and ought not to be held as altering the law of insurance in this respect.

---

---

The recent decisions above referred to are — 2 Barn. and Al., 73, Busk *vs.* Royal Exchange Assurance Co.; 2 Barn. and Al., 171, Walker *vs.* Maitland; 7 Barn. and Cres., 219, (14 Eng. Com. Law Rep., 33,) Bishop *vs.* Pectland; 3 Peters' Rep., 222, Patapsco Ins. Co. *vs.* Coalter; 11 Peters' Rep., 213, Waters *vs.* Merchants Louisville Insurance Co.; 3 Sumner Rep., 270, Williams *vs.* Suffolk Insurance Co.

1. The doctrine attempted to be introduced by the above cases was unknown in England and America till 1818, and has never been recognized in any of the State courts. Foreign jurists, the State courts, and the earlier English decisions maintained, that the insurer is not liable for a loss occasioned by the fault or misconduct of the assured or his agent, unless it has been expressly insured against. —1 Wright's Rep., 202, 539; 5 Ohio Rep., 433; 7 *Ibid.*, part 1, p. 277.

These cases discuss the doctrine in reference to river policies, and hold to the old law, that negligence discharges the underwriters.

2. In the policies on the western rivers, there is usually no insurance against barratry, while the ordinary form of marine insurance contains barratry as one of the perils.

V. The risk was increased unnecessarily by the appellees and their agents, and the loss happened in consequence thereof; this discharges the underwriters; it is in the nature of deviation.—1 Philips' Ins., 480, 485–487; 7 Martin's Rep., (new series) 128; Douglass' Rep., 284, Lavalett *vs.* Wilson; 7 Mo. Rep., 379, Settle & Bacon *vs.* Perpetual Insurance Company; 1 Philips on Ins., from 481 to 575, and authorities there cited.

H. R. GAMBLE, *for Appellees.*

NAPTON, J., *delivered the opinion of the Court.*

This was an action upon a policy of insurance, and, in every respect, is like the case of the Saint Louis Insurance Company against the same parties, decided at the present term, except that the declaration contained the usual averment, that the boat was sufficiently found in tackle and appurtenances, and competently provided with master, officers and crew.

The judgment will, therefore, be affirmed.